IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MARTIN AND BENJAMIN BRISLAWN,<br><br>*On behalf of themselves and those similarly situated,*<br><br>                Plaintiffs,<br>   v.<br><br>MSK Management, LLC, et al.,<br><br>                Defendants. | Civil Action No 2:18-cv-11874- SDW-ESK<br><br>ORDER<br><br>(1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;<br><br>(2) APPROVING CLASS NOTICE AND RELATED MATERIALS;<br><br>(3) APPROVING SERVICE AWARD;<br><br>(4) APPROVING CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS; AND<br><br>(5) SCHEDULING FINAL APPROVAL HEARING |

On October 27, 2020, Plaintiffs Joseph Martin and Benjamin Brislawn filed an unopposed motion in this putative class action lawsuit against Defendants MSK Management, LLC, et al. ("Defendants" or "MSK"), for (1) preliminary approval of the parties' proposed settlement as set forth in the Settlement Agreement and Release ("Settlement Agreement" or Settlement) (Exhibit 1 to the Certification of Timothy Staines, Esq. dated October 27, 2020 ("Staines Cert.")); (2) approval of the Class Notice to be sent to Class Members about the settlement; (3) approval of incentive/service award for the two named plaintiffs; (4) approval of class counsel's request for attorney's fees and costs; and (5) the setting of a date for the hearing on final approval of the settlement.  The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore,

**IT IS on this 9th day of December, 2020 ORDERED as follows:**

1.   The following class of persons is certified as the Class in this action solely for the purposes of the Settlement:

> All delivery drivers who worked for Defendants' stores on (Exhibit A to Settlement Agreement (attached as Exhibit 1 to the Staines Cert.)) who received mileage reimbursements from Defendants from June 30, 2016 through July 31, 2020 owned, operated, and/or controlled by Defendants, who do not exclude themselves. These individuals are collectively referred to as "the Class" and individually as "Class Members."

2.   The proposed class satisfies the requirements of a settlement class because the class members are readily ascertainable, and a well-defined community of interest exists in the questions of law and fact affecting the parties. The class is estimated to include approximately 4,000 individuals.

3.   The Court grants preliminary approval to the parties' Settlement Agreement as it meets the criteria for preliminary settlement approval.  The Court finds that, given the potential risks and defenses raised by Defendants and the amount at issue in damages, the Gross Settlement Amount here of $1,480,000 falls within the range of possible approval as fair, adequate and

reasonable, was the product of arm's-length and informed negotiations through mediation, and treats all Class Members fairly.

4. The parties' proposed Class Notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties. The Class Notice will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties. To ensure that the Class Notice reaches as many Class Members as possible, the Settlement Administrator will take the Class Data provided by the parties (which will include each Class Member's name, last-known mailing address and telephone number, Social Security number, and number of piece-rate earnings) and update the addresses using the National Change of Address database. After doing so, the Settlement Administrator will mail the Class Notices. If any of the Class Notices are returned by the U.S. Postal Service as undeliverable (i.e., there is no forwarding address), the Settlement Administrator will perform "skip trace" address searches and will re-mail notices to Class Members for whom new addresses are provided or are found. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing. The parties' proposed Class Notice and Claim Form (Settlement Agreement, Exhibit A) are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement (including, but not limited to, their right to participate in the settlement (by doing nothing), object to the settlement, and their right to request to be excluded from the Settlement), and the date and location of the final approval hearing. The Class Notice further advises Class Members that, if they do not exclude themselves from the Settlement, they will receive their share of the Settlement Amount pursuant to the Settlement Agreement and will be bound by the release of claims set forth in the Settlement Agreementwith respect to Defendant and other affiliated Released Parties as set forth in the Settlement Agreement. The Class Notice plan provides the best notice practicable and, therefore, is approved.

5. Any Class Member who wishes to challenge their settlement payment or object to the Settlement, including the Class Counsel requested attorney's fees and/or litigation costs, has

until 60 days after the mailing of the Class Notice to submit his or her comment or objection, pursuant to the procedures set forth in the Class Notice.

6. Any Class Member may opt-out of the Settlement, by submitting a written election not to participate in this Settlement no later than 60 days after the mailing of the Class Notice, pursuant to the procedures set forth in the Class Notice.

7. The Court makes the following appointments: (1) Plaintiffs Benjamin Brislawn and Joseph Martin as Class Representatives; (2) Robert Smith of Smith Eibeler, LLC as Class Counsel and (3) CAC Services Group, Inc. is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

8. Defendants are directed to provide the Settlement Administrator the Class Data as specified by the Settlement Agreement no later than 14 days after the date of this order.

9. The Settlement Administrator is directed to mail the approved Class Notice by first-class regular U.S. mail and Electronic Mail to the Class Members no later than 14 days after receipt of the Class Data from Defendants, as specified by the Settlement Agreement.

10. A final hearing will be held on April 15, 2021, at 11:00 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the Class Representative's request for a Service Award and Class Counsel's request for attorneys' fees and reimbursement of litigation costs. Class Members and their counsel may oppose the Settlement and/or the motion for awards of the Class Representative Payment, the Class Counsel's Attorneys' Fees, and Class Counsel's Litigation Expenses, if they so desire, as set forth in the Class Notice.

11. Plaintiff's motion in support of final approval, including any request for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, must be filed no later than 14 days before the deadline to object to the settlement.

12. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for award of the Class Representative Payment and/or Class Counsel's requested attorneys' fees and/or Class Counsel Litigation Expenses.

13. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further matters arising out of or in connection with the Settlement.

Date:  December 9th, 2020    *s/Susan D. Wigenton*
HON. SUSAN D. WIGENTON, U.S.D.J.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY