SMITH EIBELER, LLC
Robert W. Smith, Esq.
101 Crawfords Comer Road, Suite 1-105R
Holmdel, New Jersey 07733
Tel: (732) 935-7246
Fax: (732) 444-1096

BILLER & KIMBLE, LLC
Andrew Biller, Esq.
Andrew Kimble, Esq.
Philip Krzeski, Esq.
Of Counsel to Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209

RAIMOND & STAINES, LLC
Timothy J. Staines
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 884-9636
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MARTIN AND BENJAMIN BRISLAWN,<br><br>*On behalf of themselves and those similarly situated,*<br><br>            Plaintiffs,<br>    v.<br><br>MSK Management, LLC, et al.,<br><br>            Defendants. | Civil Action No 2:18-cv-11874- SDW-LDW<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AND JUDGMENT

**THIS CASE** coming on for a hearing before the Honorable Susan D. Wigenton on April 15, 2021, pursuant to this Court's Order of December 9, 2020, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable, and adequate, and to address Class Counsel's application for an award of attorneys' fees, costs, and expenses as set forth in the Class Notice; and the Class Members represented by Class Counsel and Defendants being represented by its attorneys;

**AND** on April 1, 2021, Plaintiffs Joseph Martin and Benjamin Brislawn having filed an unopposed motion in this putative class action lawsuit against Defendants MSK Management, LLC, et al. ("Defendants" or "MSK"), seeking an Order:  (1) granting final approval of the parties' settlement as set forth in the Settlement Agreement and Release ("Settlement Agreement" or "Settlement") and finding that the Settlement is fair, adequate, and reasonable and was the product of arm's length negotiations; (2) finding that the Notice given to the Class Members of the Settlement was the best notice practical under the circumstances; (3) directing the distribution of the Settlement funds to the Class Members in accordance with the Settlement Agreement; (4) approving the proposed Service Awards for the named Plaintiffs Joseph Martin and Benjamin Brislawn and directing distribution of the same in accordance with the Settlement Agreement; and (5) approving Class Counsel's proposed award of attorneys' fees, litigation costs and expenses, and class administration costs and directing the distribution of these approved amounts pursuant to the Settlement Agreement;

**AND** the Court having read and considered the papers on Plaintiffs' motion, materials filed in support thereof;

**AND** the Court and having held a fairness hearing on April 15, 2021, and having considered all of the submissions and arguments with respect to the Settlement Agreement (ECF

No. 117-2), and otherwise being fulling informed, and good cause appearing therefore, now makes the following findings:

## FINDINGS OF FACT

1. This Order incorporates the Settlement Agreement (ECF No. 117-2), the Order Granting Preliminary Approval of Class Settlement (ECF No. 119). Unless otherwise provided, the terms defined in the Settlement Agreement and Orders referenced herein have the same meanings for the purposes of this Order.

2. This class action complaint was filed on or about July 20, 2018.

3. After over two and a half years of litigation, including substantive motion practice, an amendment of the complaint, discovery, and multiple mediations, the parties were able to reach a resolution of this case.

4. On October 27, 2020, Plaintiffs filed an unopposed motion seeking, *inter alia*, an order granting preliminary approval of the Settlement Agreement, certifying the Settlement Class, approving the Class Notice and plan for its distribution to the Class Members.

5. On December 9, 2020, this Court entered an Order *inter alia* ("Preliminary Approval Order") preliminarily approving the Settlement Agreement; finding that the perquisites for class certification have been met and accordingly certified a class; and finding the Class Notice was the best notice practical under the circumstances because notices will be mailed to all Class Members whose identities are known to the parties; and finding that the Class Notice is sufficient to inform the Class Members of the terms of the Settlement, their rights under the Settlement, including, but not limited to, their right to participate in, object to, or request exclusion from the Settlement. In addition, this Court found that the Class Notice further advised Class Members that if they do not exclude themselves from the Settlement, they will receive their share of the Settlement funds pursuant to the Settlement Agreement and will be bound by the release of claims set forth in the Settlement Agreement with respect to the Defendants and other affiliated Released

Parties as set forth in the Settlement Agreement. This Court further found that the Class Notice plan provides the best notice practicable.

6. The Preliminary Approval Order defined the Settlement Class as follows:

> All delivery drivers who worked for Defendants' stores on (Exhibit A to the Settlement Agreement (attached as Exhibit 1 to the Staines Cert.)) who received mileage reimbursements from Defendants from June 30, 2016 through July 31, 2020 owned, operated, and/or controlled by Defendants, who do not exclude themselves. These individuals are collectively referred to as "the Class" and individually as "Class Members."

7. The Preliminary Approval Order also set the date and location of the final approval hearing on April 15, 2021, at 11:00 a.m., and appointed Plaintiffs Benjamin Brislawn and Joseph Martin as Class Representatives, Robert Smith of Smith Eibeler, LLC as Class Counsel, and CAC Services Group as Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement.

8. The Court also ordered the exchange of the final class data and distribution of the Class Notice as specified in the Settlement Agreement.

9. Since the Court's Preliminary Approval Order, record shows, and this Court finds, that Notice has been disseminated to the Class Members in substantially the manner approved by the Court in the Preliminary Approval Order. The Court finds that: (i) this constituted the best notice practicable under the circumstances; and (ii) the Notice sufficiently informed the Class Members of the terms of the Settlement and their rights thereunder, including the right to participate in, opt-out of, or object to the Settlement, as well as the right to appear at the Fairness Hearing on their own or through separate counsel, and of the binding effect of the Settlement on all persons who do not exclude themselves from Settlement.

10. As of the deadline for the filing of objections, zero objections were filed. Given the size of this Settlement, and the Notice Plan described above, this Court finds the lack of objections is indicative of the fairness, reasonableness, and adequacy of the Settlement with the Defendants.

11. Class Counsel has filed with this Court an affidavit from the Settlement Administrator declaring that the mailing of the Court-approved Notice, consistent with the Notice plan under the Settlement Agreement, has been completed.

12. The Court finds that the Notice, as implemented in this action, constituted the best practicable notice of the Fairness Hearing, proposed Settlement, Class Counsel's application for fees and expenses, a Service Award for the named Plaintiffs, and settlement administration fees. The Court further finds that such Notice fully satisfied and complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and the laws of New Jersey and any other applicable law.

13. Any Class Member who wished to be excluded from this action was provided with an opportunity to "opt-out" pursuant to the Notice. Two individuals have opted out of the Settlement.

14. Due and adequate notice of the proceedings having been given to the Settlement Class Members, and a full opportunity having been offered to the Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members, except those who validly opted-out, are bound by the terms of this Order.

15. On the basis of all issues in this litigation, and the provisions of the Settlement Agreement, the Court finds that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendants in this case, pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in approving this settlement, including:

   a. The liability issues in this case have been vigorously contested and the Settlement was only reached after substantial motion practice, discovery, and negotiation, including two mediations;

   b. The Settlement has the benefit of providing relief to the Class Members now, without further litigation, delay, costs, or risks of trial and appeal;

  c. The Class Representatives and Class Counsel have adequately represented the interests of the Class in reaching the Settlement;

  d. The Settlement treats the Settlement Class Members fairly on an individual basis and in relation to one another;

  e. The Settlement plan for the calculation and distribution of Settlement funds to the Class Members is reasonable, fair, and effective;

  f. The proposed attorneys' fee award, litigation costs, Service Awards, and settlement administration fees are reasonable and the costs of each have been fairly apportioned among the Class Members;

  g. The absence of any other agreement between the parties aside from the Settlement Agreement and documents submitted therewith; and

  h. The Settlement was result of good faith, arm's length negotiations between the parties after multiple mediations and contested litigation.

  16. The Court also finds that claims procedures and Settlement administrative processes under the Settlement Agreement are neither complicated or novel; rather, the Court finds that they are appropriate, fair, and practical. In addition, the Court will retain jurisdiction to work out any issues with respect to such procedures or administration should they arise.

  **NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

  17. This Court has jurisdiction over this action and all parties hereto, including, but not limited to, all Class Members, for all matters relating to this action and the Settlement Agreement, including, without limitation, the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order.

  18. Neither the settlement, this final approval order, nor the fact of a settlement are an admission or concession by Defendants of any liability or wrongdoing whatsoever.

19. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Class is Certified for the purpose of final settlement:

> All delivery drivers who worked for Defendants' stores on (Exhibit A to the Settlement Agreement (attached as Exhibit 1 to the Staines Cert.)) who received mileage reimbursements from Defendants from June 30, 2016 through July 31, 2020 owned, operated, and/or controlled by Defendants, who do not exclude themselves. These individuals are collectively referred to as "the Class" and individually as "Class Members."

20. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Class Members are ascertainable and too numerous to be joined. For purposes of settlement, there are questions of law and fact are common to all Class Members, these issues dominate over individual issues, and should be determined in one proceeding with respect to all Class Members. In addition, the Court finds that this class action is appropriate and the superior mechanism for adjudicating and resolving this action.

21. In addition, the Court finds that a total Settlement of One Million Four Hundred Eighty Thousand Dollars and Zero Cents ($1,480,000.00) is a fair compromise of highly contested claims and will provide the Settlement Class members with adequate compensation for their claims in this case, given the contested nature of the claims, complexity of issues involved, assurance of relief for the Class Members, and benefit of obtaining such relief in light of the costs, risks, and delay of trial and appeal.

22. The Court finds that the Settlement Agreement's plan for the calculation and distribution of the Settlement to the Class Members on a *pro rata* basis to be reasonable, appropriate, and fair to all Class Members.

23. The Court also finds that the Settlement Agreement's plan for allocating litigation costs, administration fees, Service Award payments, and attorneys' fees among the Class Members

to be fair and reasonable, and that such costs have been adequately apportioned among the respective Class Members.

24. The Court finds that the net Settlement of $1,480,000 to be fair, adequate, and reasonable for the resolution of the claims in this case, and approves of distribution of the funds to the Class Members in accordance with the terms of the Settlement Agreement.

25. The Court finds that the Settlement Class Representatives Joseph Martin and Benjamin Brislawn are entitled to a Service Award of Ten Thousand Dollars and Zero Cents ($10,000.00) each as compensation for their efforts in connection with this lawsuit. The Court also finds that the Class Members who have not opted-out of the Settlement are entitled to receive their share of the Settlement after administrative fees, attorneys' fees and expenses, litigation costs, and the incentive awards are deducted from the Settlement funds, as provided by the Settlement Agreement.

26. The Court finds that Class Counsel are qualified, experienced, and have aggressively litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. Class Counsel submitted to the Court and served on the Defendants their application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement. This Court has considered Class Counsel's request and herby grants the request. The Court finds that final approval of attorneys' fees and in the amount of $492,840.00 and $10,163.99 for litigation costs and expenses are warranted as demonstrated by the Certifications of Timothy Staines and Robert Smith.

27. The Court also finds that the payment of the incurred and anticipated expenses of the Settlement Administrator, as set forth in the Certification of Timothy Staines and attached quote for services (attached as Exhibit 4) and status report (attached as Exhibit 3), Certification of Robert Smith, and Affidavit of Nancy Johnson, to be reasonable and justified.

28. The Court grants final approval of the Settlement Agreement, as being fair, reasonable, and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The motion for Final Approval of the proposed Settlement is GRANTED in its entirety.

2. Neither the settlement, this final approval order, nor the fact of a settlement are an admission or concession by Defendants of any liability or wrongdoing whatsoever.

3. The following class is hereby certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All current and former delivery drivers employed from March 12, 2016 to April 30, 2020 at the Team Carolinas Domino's stores owned, operated, and/or controlled by Defendants

4. The mater is finally certified pursuant to Section 216(b) of the FLSA.

5. The Court approves the Settlement Agreement as fair, reasonable, adequate, suffers from no obvious defects, was reached after arms' length negotiations between parties, and constitutes a reasonable compromise of a bona fide dispute of the claims and defenses in this matter, and directs the Parties to consummate its terms and provisions.

6. The Court approves of the proposed distribution of the Qualified Settlement Fund to the Class Members as described in the Settlement Agreement.

7. The Class Representatives Joseph Martin and Benjamin Brislawn are entitled to and are hereby awarded a Service Award payment of Ten Thousand Dollars and Zero Cents ($10,000.00) each as compensation for and in recognition of their efforts in this lawsuit, and such awards shall be disbursed as provided in the Settlement Agreement.

8. All Class Members who have not opted-out of the Settlement are entitled to receive their share of Settlement funds after administrative fees, attorneys' fees, litigation costs and

expenses, and the Service Award amounts are deducted from the Settlement funds, as provided in the Settlement Agreement, and Class Members shall be compensated as provided in the Settlement Agreement.

9. The Class Counsel's application for attorneys' fees and litigation costs is granted in the amount of $492,840.00 for attorneys' fees and $10,163.99 for litigation costs and expenses and directs distribution of the same pursuant to the Settlement Agreement.

10. The costs and expenses of the Settlement Administrator incurred to date or hereinafter incurred for the finalization of the Settlement by the Settlement Administrator, but not to exceed $20,000.00, are granted for payment and the Settlement Administrator can disburse to itself such funds as provided in the Settlement Agreement.

11. This action and all claims against the Settling Defendants are hereby dismissed with prejudice in accordance with the Settlement Agreement, provided however that the Court shall retain exclusive and continuing jurisdiction of the action, all parties, and Class Members, to interpret and enforce the terms, conditions and obligations of the Settlement Agreement.

Date: April 15, 2021

_____
HON. SUSAN D. WIGENTON, U.S.D.J.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY